UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60202-CIV-SMITH

MARTHA ARCE

        Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of the Social Security,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND CLOSING CASE**

This matter is before the Court on Magistrate Judge Reid's Report and Recommendation on Cross-Motions for Summary Judgment [DE 15], Plaintiff's Objections [DE 16], and the Commissioner's Response to Plaintiff's Objections [DE 17]. The Report and Recommendation ("R&R") recommends granting Defendant's Motion for Summary Judgment [DE 12] and denying Plaintiff's Motion for Summary Judgment [DE 8]. The Report and Recommendation found that the Administrative Law Judge's (ALJ) decision denying benefits was supported by substantial evidence and, thus, recommends that the ALJ's decision be affirmed. Because the Magistrate Judge correctly found that substantial evidence supports the findings of the ALJ, the Court affirms and adopts the Magistrate Judge's Report and Recommendation, overrules Plaintiff's objections, grants Defendant's Motion for Summary Judgment, and denies Plaintiff's Motion for Summary Judgment.

**I.    Standard of Review**

The standard of review of a decision of the Social Security Commissioner applied by a district court is well established:

> In reviewing claims brought under the Social Security Act, [a court's] role is a limited one. [It] may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary. Even if [it] find[s] that the evidence preponderates against the Secretary's decision, [it] must affirm if the decision is supported by substantial evidence.

*Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983) (alterations added). Substantial evidence is more than a scintilla but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Id.*; *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018).

**II.    Plaintiff's Objections**

Plaintiff raises three objections to the R&R: (1) the Administrative Law Judge ("ALJ") failed to accept and include, or reject and explain why she did not include, functional limitations described by medical sources the ALJ deemed persuasive in the Residual Functional Capacity ("RPC") determination; (2) the ALJ failed to consider the medical necessity of Plaintiff's use of a walker and include it in the RFC determination; and (3) the ALJ improperly found that Plaintiff could return to her past relevant work in violation of agency policy. These are essentially the same arguments Plaintiff made in her Motion for Summary Judgment.

   A.    *Plaintiff's First Objection*

Plaintiff's first objection argues that the Magistrate Judge erred in finding that the ALJ did not need to fully explain her reasons for adopting some but not all opinions of certain medical sources. Specifically, Plaintiff argues that the ALJ was required to explain what limitations she adopted or rejected and why. Plaintiff, however, has failed to provide any authority providing that an ALJ must address every piece of evidence presented. The Eleventh Circuit has, in fact, held that an ALJ is not required to address every piece of evidence. *Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *6 (11th Cir. Jan. 10, 2022) ("Although the ALJ did not specifically discuss Matos's bipolar diagnosis, the ALJ was not required to discuss every piece of evidence in

2

evaluating Matos's claim."). Thus, Plaintiff has failed to establish that the Magistrate Judge erred in finding that the ALJ properly explained why she considered the doctors' opinions to be less than fully persuasive and that the ALJ's decision was supported by substantial evidence. This objection is overruled.

### B. *Plaintiff's Second Objection*

Plaintiff next objects to the R&R because it found that the ALJ's decision was supported by substantial evidence despite the ALJ never making an explicit finding as to whether Plaintiff's walker was medically necessary. As the R&R notes, the ALJ, while not explicitly using the phrase "medically necessary," did address Plaintiff's use of the walker and implicitly found that it was not medically necessary. Plaintiff argues that this implicit finding is insufficient. However, Plaintiffs have pointed to no authority requiring that the ALJ must explicitly find the walker "medically necessary" or "not medically necessary." Further, the ALJ's discussion makes it clear that she considered the medical record, including the evidence regarding Plaintiff's need for the walker. *See Vachon v. Comm'r of Soc. Sec.*, No. 6:20-CV-1521-MRM, 2022 WL 458604, at *9 (M.D. Fla. Feb. 15, 2022) ("Although the ALJ did not explicitly use the phrase 'medical necessity,' it is clear that she considered the medical documentation establishing Plaintiff's need for an assistive device and expressly rejected it in the portions of the ALJ's decision addressed above."). The ALJ noted that Plaintiff's recent examinations found Plaintiff had no balance issues and her balance and gait were characterized as normal. Thus, the record indicates that ALJ considered the medical evidence and substantial evidence supports the ALJ's implicit finding that Plaintiff's use of a walker was not medically necessary. This objection is overruled.

### C. *Plaintiff's Third Objection*

Plaintiff argues that the Magistrate Judge erred in finding that substantial evidence supported the ALJ's finding that Plaintiff had a residual functional capacity ("RFC") that allows

3

"occasional exposure to . . . noise" but could perform her past relevant work as a customer service representative and administrative clerk, despite these jobs having moderate noise levels according to the Dictionary of Occupational Titles ("DOT") description of Plaintiff's past jobs. However, the Plaintiff's objection conflates noise level with noise frequency. The DOT does not describe the frequency of noise in these jobs, only the levels. Further, the vocational expert testified that, given Plaintiff's RFC, including the noise limitation, Plaintiff could perform her past relevant work. Thus, the ALJ's decision was based on substantial evidence. This objection is overruled.

The Court having reviewed, *de novo*, the Report and Recommendation of Magistrate Judge Reid, Plaintiff's Objections, and the record, it is hereby

**ORDERED** that:

(1) Report and Recommendation on Cross-Motions for Summary Judgment [DE 15] is **AFFIRMED and ADOPTED**, and incorporated by reference into this Court's Order;

(2) Defendant's Motion for Summary Judgment [DE 12] is **GRANTED**;

(3) Plaintiff's Motion for Summary Judgment [DE 8] is **DENIED**;

(4) Plaintiff's Objections [DE 16] are **OVERRULED**;

(5) All pending motions not otherwise ruled upon in this Order are **DENIED AS MOOT**; and

(6) This case is **CLOSED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 14th day of March, 2024.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record